UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY EUGENE ANDREWS,

        Plaintiff,

v.

BALEIGH HAWN,
UNKNOWN GOINS, and
GRAND PRAIRIE/WELL PATH
HEALTH SERVICES,

        Defendants.

_____/

Case No. 2:25-cv-13327

District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER CONSTRUING PLAINTIFF'S FEBRUARY 27, 2026 MOTION (ECF No. 13) AS SEEKING VOLUNTARY DISMISSAL OF AT LEAST PART OF THIS LAWSUIT PURSUANT TO FED. R. CIV. P. 41(a) and REQUIRING CLARIFICATION FROM PLAINTIFF**

**A.     The operative pleading names three Defendants.**

Timothy Eugene Andrews (#501982) is currently located at the Michigan Department of Corrections (MDOC) Richard A. Handlon Correctional Facility (MTU).  *See* www.michigan.gov/corrections, "Offender Search."  Andrews initiated this lawsuit in August 2025 against Baileigh Hawn, R.N., Unknown Goins, a registered nurse supervisor, and Grand Prairie/Well Path Health Services, the MDOC's health care provider.  (ECF No. 1, PageID.2.)  *See* Case No. 1:25-cv-00963 (W.D. Mich.).

1

On October 21, 2025, the case was transferred to this Court.  (*See* ECF No. 3.)  The currently operative pleading is Plaintiff's amended complaint, which is dated January 26, 2026, filed February 3, 2026, and names the same three Defendants.  (ECF No. 8.)

**B.     Service is ongoing.**

Plaintiff is proceeding *in forma pauperis*.  (ECF Nos. 2, 7.)  On February 5, 2026, the U.S. Marshal Service (USMS) attempted service upon Hawn, Goins, and Grand Prairie/Well Path Health Services via mail, each to the MDOC's Charles E. Egeler Reception & Guidance Center (RGC).  (ECF No. 10.)  At present, only one of the three waivers has been returned executed.  (ECF No. 12.)

**C.     Plaintiff appears to seek voluntary dismissal of at least part of this lawsuit.**

Judge Michelson has referred this case to me for pretrial matters.  (ECF No. 11.)  Currently pending before the Court is Plaintiff's February 27, 2026 motion to dismiss (ECF No. 13), which the Court is inclined to construe as seeking voluntary dismissal of at least part of his lawsuit, if not all, pursuant to Fed. R. Civ. P. 41(a). While the Court acknowledges Plaintiff's representations that he "has retained counsel in connection with this complaint against the Defend[a]nts[,]" and that "counsel advised [him] to dismiss [this] suit so that counsel may refile the complaint under medical malpractice[e][,]" Plaintiff also asks "to dismiss this action against Baileigh Hawn, without prejudice[,]" and "to dismiss this case

without prejudice." (ECF No. 13, PageID.28.)  Thus, while it is clear Plaintiff seeks dismissal without prejudice, it is not clear whether he seeks dismissal of this lawsuit *against one or all three Defendants*.

**D.     Order**

Accordingly, no later than **Tuesday, March 31, 2026**, Plaintiff **SHALL** in writing file a supplement to his motion that clarifies <u>whether he seeks dismissal of his claims against one, two, or all three Defendants without prejudice</u>.  Once the Court receives this clarification, it will rule accordingly on Plaintiff's February 27, 2026 motion (ECF No. 13).  In the absence of such clarification, the Court will assume that Plaintiff intends to dismiss all defendants, *i.e.*, the entire case, based on Plaintiff's requests to "dismiss the following suit" and his request "to dismiss this case without Prejudice." (*Id.*)

**IT IS SO ORDERED.**

Dated:  March 3, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

3