UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY EUGENE ANDREWS,

          Plaintiff,

v.

BALEIGH HAWN,
UNKNOWN GOINS, and
GRAND PRAIRIE/WELL PATH
HEALTH SERVICES,

          Defendants.

_____/

Case No. 2:25-cv-13327

District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**<u>ORDER CONSTRUING PLAINTIFF'S MOTIONS TO DISMISS (ECF Nos. 13, 15) AS SEEKING VOLUNTARY DISMISSAL OF THIS LAWSUIT AGAINST ALL THREE DEFENDANTS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a) and GRANTING SUCH MOTIONS</u>**

**A.     The operative pleading names three Defendants.**

Timothy Eugene Andrews (#501982) is currently located at the Michigan Department of Corrections (MDOC) Richard A. Handlon Correctional Facility (MTU).  *See* www.michigan.gov/corrections, "Offender Search."  Andrews initiated this lawsuit in August 2025 against Baileigh Hawn, R.N., Unknown Goins, a registered nurse supervisor, and Grand Prairie/Well Path Health Services, the MDOC's health care provider.  (ECF No. 1, PageID.2.)  *See* Case No. 1:25-cv-00963 (W.D. Mich.).

1

On October 21, 2025, the case was transferred to this Court.  (*See* ECF No. 3.)  The currently operative pleading is Plaintiff's amended complaint, which is dated January 26, 2026, filed February 3, 2026, and names the same three Defendants.  (ECF No. 8.)

**B.      Service is ongoing.**

Plaintiff is proceeding *in forma pauperis*.  (ECF Nos. 2, 7.)  On February 5, 2026, the U.S. Marshal Service (USMS) attempted service upon Hawn, Goins, and Grand Prairie/Well Path Health Services via mail, each to the MDOC's Charles E. Egeler Reception & Guidance Center (RGC).  (ECF No. 10.)  At present, only one of the three waivers has been returned executed.  (ECF No. 12.)

**C.      Plaintiff's February 27, 2026 motion to dismiss (ECF No. 13) appears to seek voluntary dismissal of at least part of this lawsuit.**

Judge Michelson has referred this case to me for pretrial matters.  (ECF No. 11.)  Currently pending before the Court is Plaintiff's February 27, 2026 motion to dismiss (ECF No. 13), which the Court is inclined to construe as seeking voluntary dismissal of at least part of his lawsuit, if not all, pursuant to Fed. R. Civ. P. 41(a). While the Court acknowledges Plaintiff's representations that he "has retained counsel in connection with this complaint against the Defend[a]nts[,]" and that "counsel advised [him] to dismiss [this] suit so that counsel may refile the complaint under medical malpractice[e][,]" Plaintiff also asks "to dismiss this action against Baileigh Hawn, without prejudice[,]" and "to dismiss this case

without prejudice." (ECF No. 13, PageID.28.) Thus, while it is clear Plaintiff seeks dismissal without prejudice, it is not clear whether he seeks dismissal of this lawsuit against one or all three Defendants.

**D.     Plaintiff's March 17, 2026 motion to dismiss (ECF No. 15) clarifies that Plaintiff seeks dismissal of this lawsuit against all three Defendants.**

On March 3, 2026, the Court entered an order requiring Plaintiff to "file a supplement to his motion that clarifies <u>whether he seeks dismissal of his claims against one, two, or all three Defendants without prejudice</u>." (ECF No. 14, PageID.33 (emphasis in original).) In a "motion to dismiss" dated and post-marked March 16, 2026, filed effective March 17, 2026, and docketed on March 19, 2026, Plaintiff asks the Court "to dismiss this action against all 3 Defendants," *i.e.*, Hawn, Goins, and Grand Prairie/Well Path Health Services, "without prejudice . . . ." (ECF No. 15, PageID.34.) Consistently, Plaintiff's prayer for relief states: "The Plaintiff TIMOTHY ANDREWS asks this Honorable Court to Dismiss this case WITHOUT PREJUDICE." (*Id.*)

**E.     Order**

Plaintiff's second motion to dismiss having clarified the relief sought, Plaintiff's motions to dismiss (ECF Nos. 13, 15) are **CONSTRUED** as seeking

voluntary dismissal of this lawsuit against all three Defendants without prejudice pursuant to Fed. R. Civ. P. 41(a) and, so construed, are **GRANTED**.[1]

      **IT IS SO ORDERED.**[2]

Dated: March 25, 2026

                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] A Magistrate Judge has the authority to issue an order on a Fed. R. Civ. P. 41(a) motion. *See Ramirez v. Borders*, No. CV 18-5276 VAP (SS), 2018 WL 6118603, at *2 (C.D. Cal. July 17, 2018) ("The Magistrate Judge has authority to grant a voluntary dismissal of claims....") (referencing *Bastidas v. Chappell*, 791 F.3d 1155, 1165 (9th Cir. 2015) (magistrate judge has authority to grant petitioner's voluntary dismissal of claims)).

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).